(128 App. Div. 730.)
## BELL v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department.   November 25, 1908.)

MASTER AND SERVANT (§ 293*)—DEATH OF SERVANT—RAILROADS—RULES.

Where decedent, a track walker, was run down by an engine running backwards in defendant's yard, it was error to submit plaintiff's right to recover for intestate's death on the theory that some possible rule not formulated, the nature of which was left to the jury's conjecture, might have been promulgated, providing for watching the tracks in the yard, or that a watchman might have been provided to give signals when trains were approaching, without any evidence that this could have been done so as to be effective.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 293.*]

Chester, J., dissenting.

Appeal from Trial Term, Schenectady County.

Action by Joseph Bell, as administrator of the estate of Louis Bell, deceased, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals.   Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Angle & Strong (Homer Strong, of counsel), for appellant.
Levy & Salmon (John Scanlon, of counsel), for respondent.

COCHRANE, J.   The action is for negligence resulting in the death of plaintiff's intestate.   He was a track walker employed by defendant.   It was his duty to walk over and inspect the tracks of the defendant on a section of its railroad extending through the city of Schenectady, and to make such slight repairs as he found necessary. While he was in a stooping posture engaged in the performance of such duties, an engine of the defendant approached him from the rear and ran over him.   No warning or signal of any kind was given of the approach of the engine.   It was running backward pushing a high square tender filled with coal which obstructed the view of the track, so that neither the engineer nor fireman on the engine saw the deceased.   The accident took place in the yard of defendant on a switch track which was used for switching purposes, and which also connected the main line of the defendant's road with the plant of the General Electric Company in Schenectady.   This latter plant was a quarter of a mile from the place of the accident.   It appears also that the defendant's yard extended more than a quarter of a mile from the place of the accident in the direction opposite the plant of the General Electric Company.

This accident occurred subsequently to the enactment of chapter 657, p. 1682, Laws 1906, which declares that persons engaged in the service of a railroad corporation who have as a part of their duty physical control or direction of a locomotive engine are vice principals

of such corporation, and are not fellow servants of an injured employé.

The case, however, did not go to the jury solely on the question of the negligence of the employés in charge of the engine which ran over deceased, but mainly on the question of the sufficiency of defendant's rules. The court left it to the jury to determine whether the defendant had made proper and reasonable rules for the protection of its employés working on the tracks in the yard, and they were permitted to find that:

"The defendant should have promulgated some rule to compel a careful and effective watch of the track upon which engines were going back and forth, or to have caused a watchman to be on the track, or to give signals when trains or engines were passing in the yard."

There was no evidence of any rule in use by any railroad company governing such a situation, except that it appeared that defendant had a rule that, if an employé operating a locomotive saw any one working on the track, he must give a signal, and this rule the jury were told might have been an insufficient one for the circumstances attending the accident. No particular rule was stated or suggested to the jury the feasibility or practicability of which they were to consider. Nor is it clear what rule would have been practicable and effective to have averted this accident. The necessity or propriety of a rule may sometimes be determined by a jury in the absence of its existence in other places, but the circumstances must be such that the practicability of such rule is obvious to ordinary understanding. Van Alstine v. Standard Light, Heat & Power Co. (Sup.) 112 N. Y. Supp. 416. A railroad yard covers considerable territory. As appears from the foregoing statement, it must have been more than half a mile from the General Electric Works to the more remote end of defendant's yard. It is by no means clear that it was practicable "to compel a careful and effective watch" of all the tracks in this yard. A watchman could not be at all places in the yard or on that track so as to give warning of a train which might be somewhere approaching on such track. Yet the case went to the jury on the theory that some possible rule not formulated or described to them, but the nature of which was left absolutely to their conjecture and fancies, might have been promulgated providing for watching these extensive tracks, or that a watchman might have been provided to give signals when trains were approaching without any evidence that this could have been done in such a manner as to be effective. It was error to authorize a verdict on such theory.

The judgment and order must be reversed and a new trial granted with costs to the appellant to abide the event. All concur, except CHESTER, J., who dissents.